## WOLLOWITZ v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. December 21, 1906.)

MOTIONS—SETTLEMENT OF ORDERS—AMENDMENT—GROUNDS.

> On a motion to resettle an order allowing an amendment to the complaint by adding the statement that counsel for defendant appeared in opposition to the amendment, the counsel by affidavit averred that he appeared on the call of the motion, and opposed the same in open court, and submitted a memorandum in opposition to the justice then presiding. *Held* to require the granting of the motion for resettlement, so as to make the order appealable by showing that it was not entered on default.

Appeal from Special Term, New York County.

Action by Louis Wollowitz, an infant, by his guardian ad litem, against the New York City Railway Company. From an order denying a motion to resettle an order allowing an amendment to the complaint, defendant appeals. Reversed, and motion remanded, with instructions to grant the order.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

James L. Quackenbush (Bayard H. Ames and Anthony J. Ernest, of counsel), for appellant.

Feltenstein & Rosenstein (Moses L. Feltenstein, of counsel), for respondent.

PER CURIAM. This is an appeal from an order of the Special Term, denying a motion to resettle an order previously granted by the Special Term allowing the plaintiff to make and serve an amended complaint. An appeal from the original order allowing the amendment was submitted upon the same day as the appeal now under consideration. Upon that appeal the first point made by the respondent was:

"The order, not reciting any opposition to the motion and no appearance on behalf of the defendant, is not appealable."

The order here appealed from was from an order denying a motion to resettle said preliminary order by adding thereto, in its recital, the words:

"And after hearing J. C. Edwards, of counsel for defendant, in opposition thereto."

That motion was based upon an affidavit in which the attorney stated that he did appear in open court upon the call of said motion, and opposed the same in open court, and submitted a memorandum opposing the same to the justice then presiding. The memorandum handed down, upon the motion for leave to amend, by the learned judge, states:

"I think the explanation by plaintiff excuses the laches complained of by defendant's counsel in his brief."

This would seem to establish the correctness of the appellant's claim. The motion for a resettlement should have been granted. A litigant cannot be deprived of his right to appeal by the arbitrary refusal of the court to resettle its order so as to show the fact that the order was not made upon his default or consent.

The appeal from the order allowing the amendment will be held, and the order denying the motion for a resettlement should be reversed, with $10 costs and disbursements, and the motion remitted to the learned justice granting the original order, with instructions to grant the order.